# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**RICHARD ARCHIBEQUE,**

    **Petitioner,**

vs.                                                           No. CIV 01-0793 BB/LCS

**ERASMO BRAVO,**

    **Respondent.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court upon Respondent's Motion to Dismiss (Doc. 11), filed August 15, 2001. Petitioner has failed to respond to the Motion to Dismiss. The United States Magistrate Judge, having considered the Motion, memorandum, record, and applicable law, finds that the Motion is well-taken and recommends that it be **GRANTED**.

## PROPOSED FINDINGS

    1.    Petitioner is currently incarcerated and is proceeding *pro se* and *in forma pauperis*. Petitioner is confined pursuant to the First Amended Judgment, Sentence and Commitment of the Second Judicial District Court for the County of Bernalillo, State of New Mexico, dated April 16, 1999. After he was convicted of breaking and entering and aggravated assault, Petitioner was found to be an habitual offender with three prior felony convictions, and sentenced to eleven years incarceration, to be followed by one year of parole. (Answer, Ex. A.)

    2.    On February 4, 1997, Petitioner was convicted of one count of breaking and entering

and one count of aggravated assault. (Answer, Ex. B.) On November 24, 1997, Plaintiff was sentenced pursuant to the original Judgment, Sentence and Commitment to consecutive terms of eighteen months on each count, for a total of three years incarceration to be followed by one year of parole. (*Id.*) Petitioner filed a direct appeal. (Answer, Ex. C.) On August 25, 1998, the New Mexico Court of Appeals affirmed. (Answer, Ex. H.)

    3.    On March 20, 1998, the state charged Petitioner as an habitual offender. (Answer, Ex. A.) On November 13, 1998, after a trial on the merits, the Court found Petitioner to be the same person convicted of the crimes enumerated on the Counts I through 4 of the Supplemental Information. (*Id.*) On April 16, 1999, the trial court issued the First Amended Judgment, Sentence and Commitment, sentencing Petitioner to eleven years incarceration to be followed by one year of parole. (*Id.*) Plaintiff did not file a direct appeal of the First Amended Judgment, Sentence and Commitment.

    4.    On January 12, 2001, Petitioner filed a state Petition for a Writ of Habeas Corpus. (Answer, Ex. I.) On January 16, 2001, the state district court denied the state Petition for a Writ of Habeas Corpus. (Answer, Ex. J.) On February 9, 2001, Petitioner filed a Petition for a Writ of Certiorari with the New Mexico Supreme Court. (Answer, Ex. K.) On April 9, 2001, the New Mexico Supreme Court denied Plaintiff's certiorari petition. (Answer, Ex. L.)

    5.    On May 4, 2001, Plaintiff filed a Motion for Reduction of Sentence with the state district court. (Answer, Ex. M.) On May 14, 2001, the state district court denied Plaintiff's Motion for Reduction of Sentence. (Answer, Ex. N.)

    6.    Petitioner signed his federal Petition on June 11, 2001, and it was filed with this Court on July 6, 2001. Respondent answered and moved to dismiss on August 15, 2001, asserting that the

Petition is time-barred under the one-year statute of limitations period as set out in the Antiterrorism and Effective Death Penalty Act of 1996 ( AEDPA). *See* 28 U.S.C. § 2244(d)(1). Petitioner has failed to respond to Respondent's Motion to Dismiss.

7. Local Rule D.N.M. LR-Civ. 7.5(b) provides that failure to file a response in opposition to any motion constitutes consent to grant the motion. Pursuant to Local Rule D.N.M. LR-Civ. 7.6(a), Petitioner's response was due September 4, 2001. To date, Petitioner has failed to file a response to Respondent's Motion. Accordingly, I propose finding that Petitioner consented to dismissal of his claims against Respondent under Local Rule D.N.M. LR-Civ. 7.5(b) by failing to file a response.

8. I also find that Respondent's Motion to Dismiss is well-taken and should be granted. Respondent assert that the Petition is time-barred. The AEDPA established a one-year time limitation for filing federal habeas petitions and mandated that the period begin to run on the "date on which the judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U. S. C. § 2244(d)(1)(A). AEDPA also provides for tolling of the one-year period while post-conviction or collateral review is pending. 28 U. S. C. § 2244(d)(2).

9. In cases where a defendants does not file a direct appeal, the judgment becomes final thirty days after filing. *See* N. M. Stat. Ann. 1978, § 12-201 (notice of appeal shall be filed within thirty days after judgment). Because Petitioner did not file a direct appeal of the First Amended Judgment and Sentence, his judgment became final on May 17, 1999, thirty days after judgment. Petitioner's one-year period expired on May 17, 2000. Petitioner signed the instant Petition on June 11, 2001, over one year after the expiration of the limitation period. (Doc. 1 at 13.) Therefore, the instant Petition is untimely under the AEDPA.

10. AEDPA provides for tolling of the one-year period while post-conviction or collateral review is pending. 28 U. S. C. § 2244(d)(2). Although Petitioner filed two applications for post-conviction relief in 2001, the applications did not serve to toll the one-year period because it had already expired. Petitioner has not presented, nor do I find that any equitable tolling provisions are implicated. Accordingly, federal review of the present petition is barred because it is untimely and Respondent's Motion to Dismiss should be granted.

## RECOMMENDED DISPOSITION

I recommend that Respondent's Motion to Dismiss (Doc. 11), filed August 15, 2001, be **GRANTED** and that the Petition be **DISMISSED**.

Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**